ROBERT TUCKER, Respondent, v. STEPHEN COOPER, Appellant.

No. 2643; July 11, 1872.

Swamp Land—Application for Purchase.—The Taking of a Single Step, of many required, by one who would succeed as an applicant for the purchase of swamp lands under the statute, is not sufficient as evidence that such applicant was successful.

Swamp Land—Rival Applications.—An Appeal may not be Taken, on the point of sufficiency of evidence, directly from an adjudication by the court to which the surveyor general referred rival applications to purchase swamp land, but, just as in other cases, only from an order of court upon a motion made on that ground for a new trial.

APPEAL from Tenth Judicial District, Colusa County.

This was a reference to the district court by the surveyor general for an adjudication between two rival applications for the purchase of the one tract of swamp land. The complaint contained all the essential averments. The answer admitted the plaintiff's application had been in due form, also his affidavits, and that his application had been made previously to the defendant's, but denied the truth of his affidavit required by the act of April 27, 1863; that the same was an evasion, for that the plaintiff was but a cover for one Ketchersides, who, in his own proper person, was ineligible as an applicant because of having previously entered six hundred and forty acres of swamp lands. The trial court found that the only evidence of such entry on the part of Ketchersides was a cer-

tified copy of the oath of loyalty taken by him, the taking of which oath was but one of several requirements under the act.

Belcher & Good for respondent; C. D. Semple for appellant.

RHODES, J.—It appears that the plaintiff made his application to purchase the land in controversy for the use of Ketchersides. The defendant contends that Ketchersides had previously entered six hundred and forty acres of swamp and overflowed land; and that, therefore, the plaintiff's application was illegal and void. The only evidence in the record that Ketchersides had entered such land is his affidavit of loyalty which was made in conformity with the act of April 27, 1863, and the official indorsements thereon. Such evidence tends to show an application to purchase, but does not show that the applicant had in fact entered the land.

In order to avoid any misapprehension as to a point of practice, it is proper to add that it does not clearly appear whether a motion for a new trial was made; and that if such motion was not made, and denied, and an appeal taken from that order, the question above noticed would not be entitled to consideration on this appeal.

Judgment affirmed.

We concur: Niles, J.; Belcher, J.; Wallace, C. J.